

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

**FILED**

MAR 29 2011

Phil Lombardi, Clerk
U.S. DISTRICT COURT

1) DAVIS GULF COAST, INC., )
)
          Plaintiff, )
)
vs. )   Case No.
1) ALL AMERICAN OIL & GAS, INC. )
)   **11 CV - 185 TCK  PJC**
          Defendant. )

### COMPLAINT

Davis Gulf Coast, Inc., ("DGC"), for its Complaint against All American Oil & Gas, Inc. ("AAOG"), alleges as follows:

### I. THE PARTIES

1. DGC is an Oklahomas Corporation with its principal place of business at 2800 Mid-Continent Tower, Tulsa, Oklahoma 74103.

2. All American Oil & Gas, Inc. ("AAOG") is a Delaware corporation with its principal place of business at 310 South Saint Mary's Street, Suite 1515, San Antonio, Texas 78205-3146.

### II. JURISDICTION AND VENUE

3. This Court has jurisdiction over the lawsuit because the amount in controversy is within this Court's jurisdictional requirements pursuant to 28 U.S.C. § 1332(a).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(c).

### III. FACTS

5. DGC adopts and incorporates by reference Paragraphs 1 through 4

6. DGC and AAOG are both actively involved in the exploration for oil and gas resources.

881.v1


7. DGC and AAOG executed a valid, binding contract entered into in DGC's office in Tulsa, Oklahoma, dated July 12, 2010 (hereinafter "Letter Agreement").[1] The Letter Agreement concerned the assignment of working interests in two oil and gas leaseholds, known as the Devon Fee 2 Unit and Raynor 3 Unit, located in Brazoria County, Texas.

8. The Letter Agreement required AAOG to pay DGC a total of $300,000 upon receipt of the assignment of the leaseholds. Payment was due no later than October 15, 2010.

9. The Letter Agreement also required AAOG to purchase 12,200 feet of steel casing at $60 per foot, for a total of $732,000.

10. On January 21, 2011, DGC sent a letter to AAOG demanding payment under the Letter Agreement. DGC sent another demand letter to AAOG on February 14, 2011, stating that AAOG was in breach of the Letter Agreement and to remit payment immediately. AAOG has failed to honor its contractual obligations or even respond to these demand letters. AAOG has yet to pay DGC the amounts owed under the Letter Agreement.

### IV. BREACH OF CONTRACT

11. DGC adopts and incorporates by reference the allegations contained in Paragraphs 1 through 10.

12. On or about June 12, 2010, AAOG and DGC entered into the Letter Agreement. The Letter Agreement is a valid, enforceable contract.

13. The Letter Agreement required AAOG to pay DGC, no later than October 15, 2010, upon receipt of assignment of certain leaseholds defined therein.

14. DGC has performed and/or tendered performance of its obligations under the Letter Agreement.

---

[1] Copy of the Letter Agreement is attached as Exhibit No. 1.

881.v1

15. AAOG, on the other hand, has materially breached the Letter Agreement by failing to pay DGC the amounts owed under the contact.

16. AAOG's breach has caused actual damages to DGC in the sum of $1,032,000 for AAOG's failure to make timely payment under the Letter Agreement.

17. DGC is entitled to recover its reasonable and necessary attorney's fees.

## RELIEF REQUESTED

Davis Gulf Coast, Inc. requests that this Court render judgment in favor of DGC and against AAOG.

## JURY DEMAND

Plaintiff respectfully demands trial by jury.

*/s/ Steven J. Adams*

Steven J. Adams, OBA No. 142
/ Idaho Bar No. 7935
Charles R. Willing, OBA No. 15873
FELLERS, SNIDER, BLANKENSHIP,
 BAILEY & TIPPENS, P.C.
The Kennedy Building
321 South Boston Ave., Suite 800
Tulsa, Oklahoma  74103-3318
Main Phone: (918) 925-5835
Facsimile: (918) 583-9659
sadams@fellerssnider.com
cwilling@fellerssnider.com

**Attorneys for Plaintiff, Davis Gulf Coast, Inc.**

881.v1

**All American Oil & Gas, Inc.**
310 S. St. Mary's St., Suite 1515
San Antonio, Texas 78205

July 12, 2010

Mr. William H. Davis
Davis Gulf Coast, Inc.
2800 Mid-Continent Tower
Tulsa, OK 74103

    Re:    Sweeny Prospects
             Raynor No. 3 and Devon Fee No. 2 Wells
             Brazoria County, Texas

Dear Bill:

    I am in receipt of your June 30, 2010 proposal. Pursuant to our luncheon meeting in Dallas, the following is a recap of the terms and conditions that we verbally agreed upon:

A. All American Oil & Gas, Inc. ("All American" or "AAOG") shall pay Davis Gulf Coast ("Davis" or "DGC"), or its assignee, $150,000 upon receipt of an assignment of 100% working interest (and no less than 79% net revenue interest) of the oil and gas leasehold comprising the Devon Fee 2 Unit *AND* $150,000 upon receipt of an assignment of 100% working interest (and no less than 79% net revenue interest) of the oil and gas leasehold comprising the Raynor 3 Unit, both units being in Brazoria County, Texas. Payment for both leasehold interests shall be within five days of the closing of All American's equity financing (expected to occur on or before September 30, 2010) but no later than October 15, 2010 and shall be subject to any liens, encumbrances or pro rata reductions of the terms described herein that are identified by Davis and deemed acceptable by All American.

B. Obligation to drill is subject to All American's review and approval of all leases, title, contractual obligations, and any other encumbrances that may exist on the leaseholds. Each drilling unit described above shall contain an obligation to drill an Frio prospect well to sufficient depth to test the Anomalina formation at a depth of approximately 13,500'.

C. DGC shall be entitled to a 25% reversionary working interest after AAOG has recovered all of its cost to drill, test and complete in a form ready for production the Raynor 3 well. The same terms and conditions shall apply to the drilling, testing and completing of the Devon Fee 2 wellbore.

**EXHIBIT NO. 1**



D. In the event that DGC should go ahead and spud either the Devon Fee 2 or Raynor 3 prior to November 1, 2010, AAOG agrees to reimburse DGC, provided that the location, drilling and associated tubulars shall be subject to AAOG's written approval in advance for any expense outlays that DGC has incurred drilling either well down through the point of setting 13 3/8" surface casing.

E. As further consideration for the sale and assignment of the two aforementioned prospects, AAOG agrees to purchase from DGC 12,200' of new 9 5/8" API 53.50# P110 casing for $60 per foot, provided that such tubulars are inspected and acceptable to AAOG and written approval is given to DGC.

Please feel free to contact me if you have any questions or need any additional information.

Very truly yours,

ALL AMERICAN OIL & GAS, INC.

By: _____
William C. Morris


DAVIS GULF COAST, INC.

By: _____
William Davis, President

Date: _____

EXHIBIT NO. 1