# U. S. DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| *DAVIS GULF COAST* | \| |
| | \| |
| *vs.* | \|   No. 4:11-CV-00185-TCK-PJC |
| | \| |
| *ALL AMERICAN OIL & GAS, INC.* | \| |

---

**DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION,
MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE, AND
MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
WITH SUPPORTING MEMORANDUM OF POINT AND AUTHORITIES**

---

Jennifer F. Sherrill
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
(405) 235-1560 Main
(405) 239-2112 Facsimile
jfs@federmanlaw.com Email
**ATTORNEY FOR DEFENDANT**

**and**

J. Mark Brewer
Sondra K. Jurica
Allison B. Waters
**BREWER & PRITCHARD, P.C.**
Three Riverway, 18th Floor
Houston, Texas  77056
(713) 209-2950 Main
(713) 659-5302 Facsimile
brewer@bplaw.com Email
jurica@bplaw.com Email
waters@bplaw.com Email
**OF COUNSEL**

## TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii-iv

I.  SUMMARY OF THE ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  ALL AMERICAN IS NOT SUBJECT TO PERSONAL JURISDICTION . . . . . . . . . . . . . . 2
    A.      All American does not have sufficient specific minimum contacts . . . . . . . . . . . 2
          1.     Factors regarding purposeful availment . . . . . . . . . . . . . . . . . . . . . . . . . . 3
              i.     Prior negotiations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
              ii.    Contemplated future consequences . . . . . . . . . . . . . . . . . . . . . . . . 6
              iii.   Terms of agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
              iv.   Actual course of the parties dealings . . . . . . . . . . . . . . . . . . . . . . . 7
          2.     Plaintiff has failed to allege sufficient facts to support specific contacts  . 8
          3.     In the alternative, there is no nexus between defendant's contacts
              with Oklahoma and plaintiff's injury . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
    B.      Plaintiff has failed to allege any contact to establish general jurisdiction . . . . . . 11
    C.      Traditional notions of fair play and substantial justice weigh against
        personal jurisdiction. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
          1.     The burden on defendant . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12
          2.     Oklahoma's interest in adjudicating the dispute . . . . . . . . . . . . . . . . . . 12
          3.     Plaintiff's interest in convenient and effective relief . . . . . . . . . . . . . . . 13
          4.     Interstate judicial systems interest in efficiency . . . . . . . . . . . . . . . . . . 14
          5.     States' interest in substantive social policies . . . . . . . . . . . . . . . . . . . . 14

III.  PLAINTIFF HAS FAILED TO PLEAD FACTS TO SUPPORT VENUE IN THE
     NORTHERN DISTRICT OF OKLAHOMA . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

IV.  ALTERNATIVELY, VENUE SHOULD BE TRANSFERRED TO TEXAS . . . . . . . . . . . 19

V.  MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM . . . . . . . . . . . . . . . . . . . . . . 20
          1.     Plaintiff has failed to plead facts to support an enforceable agreement . . . . . . . 21
          2.     Plaintiff has failed to plead facts to support its performance pursuant to
              the alleged agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21
          3.     Plaintiff has failed to plead facts to support the allegations that
              defendant breached the agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

VI.  CHOICE OF LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
          1.     Oklahoma's general choice of law rule favors application of Texas law . . . . . . 23
          2.     Oklahoma's specific choice of law rule favors application of Texas law . . . . . . 24

VII.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

## TABLE OF AUTHORITIES

**Cases**                                                                                                         **Page**

*Abramoff v. Shake Consulting, L.L.C.*,
288 F. Supp. 2d 1 (D.D.C. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17, 18

*American Nat'l Ins. Co. v. Warnock*,
114 S.W. 2d 1161, 1164 (Tex. 1938) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Anderson v. Pickering*,
541 P. 2d 1361 (Ok Civ App. 1975) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Andrean v. Secretary of the United States Army*,
840 F.Supp. 1414, 1422 (D.Kan.1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Ashcroft v. Iqbal*.,
129 S. Ct. 1937, 1949, 173 L.Ed. 2d 868 92009 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 20

*AST Sports Sci*., Inc. v. CLF Distribution Ltd.,
514  F.3d 1054, 1058 (10th Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11, 13-14

Bailey v. Shell Western E&P, Inc.
609 F. 3d 710 (5th Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Behagen v. Amateur Basketball Ass'n*,
744 F.2d 731, 733 (10th Cir.1984), cert. denied,471 U.S. 1010,
105 S.Ct. 1879, 85 L.Ed.2d 171 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . .

*Benton v. Cameco Corporation*
375 3d at1079 (10th Cir.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5-6, 9, 13-14

*Bernal v Charter County Mutual Insurance Co.*
209 P. 3d. 309 (Ok. 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) . . . . . . . . . . . . . . . . . . . . . . . . . 3-4

Butterfly-Biles v. State Farm Life Insurance Co.
2010 WL 346839 (N.D. Okla 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

*Chrysler Credit Corp. v. Country Chrysler, Inc.,*
928 F.2d 1509, 1516 (10th Cir.1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Cotter v. Newark Housing Authority,*
2011 WL 1289731 (3rd Cir. 2011) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Dempsey v. King,*
662 S/W/ 2d 725, 726-727 (Tex. Ap. – Austin 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 21

*DeSantis v. Wakenhut Corp.,*
732 S.W. 2d 29, 34 (Tex. App. – Houston[14th Dist. ] 1987 . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Digital Design Group, Inc. v. Information Builders, Inc.,*
24 P.3d 834, 843 (Okla.2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Dudnivkov. Chalk & Vermilion Fine Arts*, Inc.,
514 F.3d 1063, 1071 (10th Cir.2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Dyco Petroleum Corp. v. Mesa Operating Co.,*
935 F. Supp. 1193 (N.D. Ok. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Fin. Mgmt. Servs., Inc. v. Coburn Supply Co., Inc.,
2003 WL 255232, at *2 (N.D.Ill. Feb. 5, 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 17

*Gallagher v. Shelton,*
587 F.3d 1063, 1068 (10th Cir.2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Garrison v. Bechtel Corp.,*
889 2d273, 281( Okla. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 17, 21

*Haynes v. Brown,*
18 Okla. 389, 89 P. 1124 (Okla. 1907) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*Hudye Soil Serv., Inc. v. Tyler,*
46 F.Supp.2d 1157, 1163 (D.Kan.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Employer's Mutual Casualty Co. v. Bartile Roofs, Inc.,*
*618 F. 3d 1153 (10tth Cir. 2010)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2-3, 10-11, 19

In *Re: Shailer's Estate, Okl.,*
266 P.2d 613, 616 [1954] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15-24

*Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc.*,
434 F. Supp. 2d 1051, 1058 (D. Kan. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

*Moran Industries, Inc. v. Higdon*,
2008 WL 4874114 (N.D. Ill. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*National Business Brokers, Ltd. V. Jim Williamson Productions, Inc.*,
16 Fed. Appx. 959, 2001 WL 912796 at 1 and 4(C.A. 10 (Col.)) 2001. . . . . . . . . . . . . . . . . . 10

*OMI Holdings, Inc. v.  Royal Ins. Co. of Can.*,
149 F.3d 1086,  1092 (10th Circ. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 11-12, 15

*Perkens v. USAA Casualty Ins. Co.*,
107 F.3d 880, 1997 WL 107770 (C.A.10 (Okla.) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 17, 21

*Pro Axess, Inc. v. Orlux Distribution, Inc.*,
428 F. 3d 1270 (10th Cir.  2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6-7, 12

*Stewart Organization, Inc. v. Ricoh Corp.*,
487 U.S. 22, 29 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Syntroleum Corporation v. Fletcher International, Ltd.*
2008 WL 4936503 at 4-5. (N.D. OK 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 7, 9, 12

*TH Agriculture & Nutrition, LLC v. Ace European Group Ltd.*,
488 F.3d 1282, 1294 (10th Cir.2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12-13

*Tripoli Management, LLC v. Waste Connections of Kansas, Inc*.,
 2010 WL 845927 at 4 (D.Colo. 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 6-11

*Wents v. Memery Crystal*,
55 F. 3d 1503, 1505 (10th cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Woodke v. Dahm*,
70 F.3d 983,  985 (8th Cir.  1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17-18

## **STATUTES**

28 U.S.C. § 1391 (b)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 26

28 U.S.C. § 1391 (b)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 26

28 U.S.C. § 1391 (b)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 26

28 U.S.C. § 1391 (c)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16, 25

28 U.S.C. § 1404. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Okla. Stat. Ann. tit.  15,  §69  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8, 21

# U. S. DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| *DAVIS GULF COAST* | \| | |
| | \| | |
| *vs.* | \| | No. 4:11-CV-00185-TCK-PJC |
| | \| | |
| *ALL AMERICAN OIL & GAS, INC.* | \| | |

_____

### DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, MOTION TO DISMISS OR TRANSFER FOR IMPROPER VENUE, AND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM WITH SUPPORTING BRIEF

_____

Defendant All American Oil & Gas, Inc. ("All American"), moves the Court to dismiss this action for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2); in the alternative dismiss or transfer this action to the Southern District of Texas pursuant to Federal Rule of Civil Procedure 12(b)(3); and, in the alternative dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to properly plead each element of its breach of contract action.

## I.
## SUMMARY OF THE ARGUMENT

Plaintiff's complaint fails to meet the well plead complaint rule articulated by the United States Supreme Court in *Ashcroft v. Iqbal* 129 S. Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007). In direct violation of the holdings in *Iqbal* and *Twombly*, the plaintiff relies on mere conclusions instead of alleging actual facts. First, plaintiff fails to allege any facts, or even recite conclusions, to support

_____

conferring personal jurisdiction over the defendant.  Second, in a conclusory fashion, plaintiff states that venue is proper pursuant to 28 U.S.C. § 1391(c), yet fails to provide a single fact to support such assertion.  Third, plaintiff states that plaintiff and All American "executed a valid, binding contract entered into in [plaintiff's] office in Tulsa, Oklahoma, dated July 12, 2010."  See Complaint at ¶7.  However, plaintiff fails to provide any facts to support that the alleged agreement is in fact a "valid, binding contract" or that it was entered into in Oklahoma.  Specifically, plaintiff has failed to provide any facts which illustrate that any alleged acceptance by plaintiff was delivered to defendant.  Lastly, Plaintiff fails to plead any facts to support its conclusion that it "has performed and/or tendered performance of its obligations under the Letter Agreement" or that defendant breached the alleged agreement.  Complaint at ¶14.

For all of the above reasons, plaintiff's complaint should be dismissed.  In the alternative, this action should be transferred to the Southern District of Texas.

**II.**
**ALL AMERICAN IS NOT SUBJECT TO PERSONAL JURISDICTION**

"To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *Employer's Mutual Casualty Co. v. Bartile Roofs, Inc., 618 F. 3d 1153 (10tth Cir. 2010)* (internal citation omitted).  It is plaintiff's burden to plead and provide a prima facie showing that the court has jurisdiction over the defendant.  *Tripoli Management, LLC v. Waste Connections of Kansas, Inc.*, 2010 WL 845927 at FN 13 (D. Colo. 2010).  Plaintiff has failed meets its burden.

Plaintiff has failed to allege any facts which show a substantial connection with Oklahoma.

The Tenth Circuit held that:

> The due process analysis consists of two steps.  First, we consider 'whether the defendant has such minimum contacts with the forum state 'that he should reasonably anticipate being haled into court there.'  This minimum-contacts standard may be satisfied by showing general or specific jurisdiction.  Second, if the defendant has minimum contacts within the forum state, we determine "whether the exercise of personal jurisdiction over the defendant offends 'traditional notions of fair play and substantial justice.' "

*Employer's Mutual Casualty Co. v. Bartile Roofs, Inc.,* 618 F. 3d at 1159-1160.

**A.**    **All American Does Not Have Sufficient Specific Minimum Contacts**

Under the specific-jurisdiction requirement, a plaintiff satisfies the minium-contacts standard by showing that (1) the defendant has "purposefully availed itself of the privilege of conducting activities or consummating a transaction in the forum state," and (2) the litigation results from alleged injuries that arise out of or relate to those activities.  *Employer's Mutual Casualty Co. v. Bartile Roofs, Inc.,* 618 F. 3d at 1159-1160  (citing *Dudnivko v. Chalk & Vermilion Fine Arts*, Inc.,514 F.3d 1063, 1071 (10th Cir.2008) (emphasis omitted) (internal quotation marks omitted)); and (citing *TH Agric. & Nutrition,* 488 F.3d at 1287 (quoting *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985))).

**1.**    **Factors regarding Purposeful Availment**

"Purposeful availment requires actions by the Defendant which create a substantial connection with the forum state."  *OMI Holdings, Inc. v.  Royal Ins. Co. of Can*., 149 F.3d 1086, 1092 (10th Circ. 1998)  (internal quotation marks omitted). "[W]e must examine the quantity and quality of Defendant's contacts with [the forum state]...." *Id.* (second emphasis omitted).  The purpose of this requirement is to "ensure[ ] that a defendant will not be subject to the laws of a

jurisdiction solely as the result of random, fortuitous, or attenuated contacts, or of the unilateral

activity of another party or a third person." *AST Sports Sci.*, Inc. v. CLF Distribution Ltd., 514 F.3d

1054, 1058 (10th Cir. 2008) (internal quotation marks omitted).  Contracting with an out of state

party is not  sufficient to support a party's purposeful availment of states's forum. *Burger King*, 471

U.S. at 78 ("If the question is whether an individual's contract with an out-of-state party alone can

automatically establish sufficient minium contacts in the other parties forum....the answer is clearly

that it cannot.")

Plaintiff failed to allege any actions by All American that would create a substantial

connection to the Western District of Oklahoma.  Instead, plaintiff makes the conclusory statement

that plaintiff and All American "executed a valid, binding contract entered into in [plaintiff]'s office

in Tulsa, Oklahoma, dated July 12, 2010."  Complaint at ¶7.  However, plaintiff fails to allege any

facts to support that there is a valid binding contract or that the alleged contract was entered into in

Tulsa Oklahoma.   The Supreme Court has stated that the parties "prior negotiations and

contemplated future consequences, along with the terms of the contract and the parties' actual course

of dealing" are the factors to consider when reviewing contacts made in connection with a contract

case.  *Id.* at 479, 105 S.Ct. 2174. Plaintiff has failed to meet this burden.

(i)   *Prior Negotiations*.  Upon review of the alleged agreement, it appears to be a

letter that was sent by All American to plaintiff in Tulsa, Oklahoma.  However, the second sentence

of the letter states that "[p]urusant to our luncheon meeting in Dallas, the following is a recap of the

terms and conditions that we verbally agreed upon:"  See Exhibit No. 1 to Complaint.  Therefore,

by the language of the alleged contract, either (1) the contract was negotiated in Texas, or (2) the

contract was entered into in Texas.  Plaintiff has provided no facts to support a prior relationship

Defendants Motion to Dismiss for Lack of Personal Jurisdiction,
Motion to Dismiss or Transfer for Improper Venue, and
Motion to Dismiss for Failure to State a Claim with Supporting Brief                    Page 4

between the parties.  Plaintiff further pleads no facts regarding the initial contact between parties. The only evidence of the negotiations of the parties is included in the alleged agreement, which states that the negotiations occurred in a person meeting in Dallas, Texas.  There are no factual allegations in the pleadings that All American visited Oklahoma.

In *Benton v. Cameco Corporation*, the Tenth Circuit found in support of purposeful availment that during the course of negotiations the defendant had exchanged correspondence with the plaintiff in the forum state, the plaintiff and defendant had a prior relationship that existed for over 8 years, and that "[e]ven more significant to our minimum contacts analysis, the [defendant] sent several of its employees to [plaintiff]'s office in [the plaintiff's forum] to conduct due diligence review..." 375 F. 3d 1070, 1078 (10th Cir. 2004).   In *Syntroleum Corporation v. Fletcher International, Ltd.,* the Northern District of Oklahoma, found that the defendants solicitation of the resident in the forum state, the exchange of "information necessary for the negotiations and performance" of the agreement in the forum state, and conducting due diligence in the forum state in the aggregate were evidence of contacts with the forum state.  2008 WL 4936503 at 4-5 (N.D. Okla. 2008) .

In the instant case, plaintiff fails to plead any facts which support contacts by All American with Oklahoma during the negotiations of the contract. There are no factual allegations that the alleged agreement was actually sent by defendant to plaintiff in Oklahoma or that plaintiff received the alleged agreement in Oklahoma.  A single correspondence sent to Oklahoma is insufficient to confer purposeful availment of the privilege to conduct business in Oklahoma.   To the contrary of negotiations occurring in Oklahoma, the alleged contract recites that it was negotiated by the parties in Dallas, Texas.  Exhibit 1 to the Complaint.

Defendants Motion to Dismiss for Lack of Personal Jurisdiction,
Motion to Dismiss or Transfer for Improper Venue, and
Motion to Dismiss for Failure to State a Claim with Supporting Brief                    Page 5

Therefore, because there was no allegations of a prior relationship, significant contact or due diligence or other physical visits to Oklahoma, this factor does not support purposeful availment of the privilege of conducting activities in Oklahoma. *See Tripoli Management, LLC v. Waste Connections of Kansas, Inc*., 2010 WL 845927 at 4.

   **(ii)** ***Contemplated Future Consequences***. The alleged agreement is for the assignment by plaintiff of certain working interests in leaseholds in Brazoria County, Texas to All American. See Complaint at ¶7 and Exhibit 1 to the Complaint. In addition, the alleged agreement included terms for the conditional purchase of casing by defendant. See Complaint at ¶9 and Exhibit 1 to the Complaint. Therefore, the alleged agreement does not contemplate a continuous relationship. Instead, the alleged agreement was for a one-time assignment of working interests and acquisition of goods. Furthermore, there is no factual allegation that plaintiff was required to provide services on a continuing basis. *See Pro Axess, Inc. v. Orlux Distribution, Inc*., 428 F. 3d 1270 (10th Cir. 2005) and *Benton v. Cameco Corporation*, 375 F. 3d 1070, 1078 (10th Cir. 2004).

   Therefore, the lack of a "continuing business relationships" between the parties does not support that All American purposefully availed itself of the privilege of conducting activities in Oklahoma.

   **(iii)** ***Terms of the Agreement***. Plaintiff acknowledges that "[t]he Letter Agreement concerned the assignment of working interests in two oil and gas leaseholds, known as the Devon Fee 2 Unit and Raynor 3 Unit located in Brazoria County, Texas." Complaint at 7. Therefore, the alleged agreement contemplates performance in Texas, not Oklahoma. Unlike the facts in *Benton[1]*,

---

[1]*Benton v. Cameco Corporation*, 375 F. 3d 1070, 1078 (10th Cir. 2004) ( involved a memorandum of understanding regarding several uranium transactions and a joint venture to

Defendants Motion to Dismiss for Lack of Personal Jurisdiction,
Motion to Dismiss or Transfer for Improper Venue, and
Motion to Dismiss for Failure to State a Claim with Supporting Brief    Page 6

*Pr o Axess*[2] and *Syntroleum Corporation* [3], there are no facts that evidence any services being performed in Oklahoma. Although the plaintiff may claim that the payment obligations pursuant to the alleged agreement were due in Oklahoma, the contract does not require the payments to be made in Oklahoma. If the contract does not require a party to make payments in a forum, the argument that a payment was required to be made to the plaintiff and the plaintiff was located in the forum, "is an attenuated contact and thus incapable of supporting" plaintiff's burden to plead purposeful availment of the forum state. *See Tripoli Management, LLC v. Waste Connections of Kansas, Inc.*, 2010 WL 845927 at 4.

Therefore, the terms of the agreement does not support the purposeful availment of All American to the privilege of conducting activities in Oklahoma.

**(iv)** *Actual Course of The Parties Dealing*. Plaintiff states that the parties allegedly entered into an agreement, but plaintiff fails to allege any facts to support any other course

---

pursue uranium trading activities, which would include coordination fo the parties and decision making regarding the joint venture to occur in the state of the plaintiff's principal place of business.

[2]*Pro Axess, Inc. v. Orlux Distribution, Inc.*, 428 F. 3d 1270 (10th Cir. 2005) (involved services to be provided in the plaintiff's personal place of business that included "choosing a manufacturer for the sunglasses frames, arranging for rough handmade models to be made into machined prototypes, arranging the details for the manufacture of the frames at a plant in China, arranging for inspection of the frames in Hong Kong, invoicing and coordinating the manufacturing process, and arranging for the shipping of frames from Hong Kong to France.")

[3]*Syntroleum Corporation v. Fletcher International, Ltd.,* 2008 WL 4936503 at 4-5 (N.D. Okla. 2008)( involved a two year relationship in which the defendant would have the opportunity and sometimes the obligation to invest substantial amounts of money acquiring an ownership interest in a Oklahoma company. Additionally, the defendant was required to send all payments to a bank in Oklahoma. )

of dealings of the parties.  Specifically, the alleged agreement recites that the agreement was negotiated in Dallas, Texas.  See Exhibit 1 to the Complaint.  Although the letter was allegedly sent to plaintiff in Oklahoma, there is no evidence that the plaintiff delivered his acceptance to defendant.  Therefore, there is no evidence that the parties entered into an enforceable agreement.  *See Dempsey v. King,* 662 S.W. 2d 725, 726-727 (Tex. Ap. – Austin 1983) (holding that delivery of the acceptance is required element for the creation of an effaceable contract).[4]  Moreover, the alleged agreement's subject matter was the assignment of  working interests in certain leaseholds in Brazoria County, Texas.  However, there are no factual allegations that plaintiff actually assigned the interests to the defendant.

Therefore, the entirety of the assumptions[5] encompassing the parties 'course of dealings' is (1) a meeting of the parties in Dallas, Texas, and (2) a letter which was allegedly sent by All American to plaintiff in Oklahoma memorializing the Dallas meeting.   These assumptions are insufficient to confer purposeful availment of the privilege to do business in Oklahoma.

**2.     Plaintiff has failed to plead sufficient facts to support defendant's purposeful availment of the privilege to do business in Oklahoma.**

---

[4]Pursuant to Oklahoma law, an offer does not become a binding promise and result in a contract until it is accepted. To constitute acceptance, there must be an expression of the intent to accept the offer, by word, sign, writing or act, communicated or delivered to the person making the offer or the offeror's agent. *Perkens v. USAA Casualty Ins. Co.*, 107 F.3d 880, 1997 WL 107770 (C.A.10 (Okla.))(citing *Garrison v. Bechtel Corp.*,889 2d273, 281( Okla. 1995)); see also Okla. Stat. Ann. tit.  15,  §69.

[5]Although plaintiff made the conclusory statement that it "performed and/or tendered performance of its obligations under the Letter Agreement," the court should only accept as true the well pled facts and not mere conclusory allegations.  See *Tripoli Management, LLC v. Waste Connections of Kansas, Inc*., 2010 WL 845927 at 4 (citing *Wents v. Memery Crystal*, 55 F. 3d 1503, 1505 (10th Cir. 1995).  See also Complaint at ¶14.

Upon an analysis of the facts of this case with the Tenth Circuit precedence, it is clear that the plaintiff has failed to meet its primae facie burden.

In *Benton,* the Tenth Circuit acknowledged that the facts in *Benton* were " a very close case." *Benton v. Cameco Corporation*, 375 F. 3d at 1076.  The Tenth Circuit stated that "[t]he facts of this case place it in the grey area of personal jurisdiction." *Id*. at 1076-1077.  The Tenth Circuit focused on the contacts in the aggregate and focused on the prior existing relationship of the parties, the several minor contacts with plaintiff in the forum including sending employees to conduct due diligence in the forum state, the continuing relationship of the parties to entering into a long term joint venture and the services to be provided by the plaintiff in the forum state to conclude that the defendant had sufficient contact with the forum.  *Id*. at 1077-1078.

The Northern District of Oklahoma acknowledged that a "close case" included the defendant's solicitation of the plaintiff in the forum, the negotiation of the contract in the forum, correspondence with the plaintiff in the forum, visiting the forum to conduct due diligence, a contemplated a continuing relationship between the parties, which included services to be provided in Oklahoma by plaintiff, obligations by defendant in the forum and acquisition by defendant of a Oklahoma entity.  *Syntroleum Corporation v. Fletcher International, Ltd.,* 2008 WL 4936503 at 4-5 (N.D. Okla. 2008).

If the court's determine that *Benton* and *Syntroleum* are "close cases," it is quite clear that sending a letter commemorating an in person meeting held in Dallas, Texas to plaintiff in Tulsa, Oklahoma is insufficient to show purposeful availment of the privilege of conducting business in Oklahoma.

Defendants Motion to Dismiss for Lack of Personal Jurisdiction,
Motion to Dismiss or Transfer for Improper Venue, and
Motion to Dismiss for Failure to State a Claim with Supporting Brief                    Page 9

This case is more analogous to the facts in *Tripoli Management, LLC,* in which the Court found that the focal point of the contract-related activities was not the plaintiff's forum, there was no prior relationship between the parties, the contract did not contemplate a continuing business relationship, and the only conduct was minimum contact with the plaintiff in the forum. *Tripoli Management, LLC v. Waste Connections of Kansas, Inc.*, 2010 WL 845927. The Court concluded that the plaintiff had "not satisfied its prima facie burden regarding the 'purposeful availment' prong of the minimum contacts test." *Id.*

In *National Business Brokers, Ltd. v. Jim Williamson Productions, Inc.*, the Tenth Circuit found that entering into an agreement and contacting the plaintiff in the forum "by telephone, facsimile, or email on at least sixty occasions requesting information and services pursuant to the terms of the listing agreement" is insufficient to show that the defendant made a "specific or intentional effort to conduct business" within the forum. 16 Fed. Appx. 959, 2001 WL 912796 at 1 and 4(C.A. 10 (Col.)) 2001).

For all of the reasons set forth above, plaintiff has failed to meet its prima facie burden to establish purposeful availment to conduct business in Oklahoma, where the alleged contract is related to Texas, not Oklahoma, there is no factual allegations of a prior or continuing relationship and the only possible contact with Oklahoma is the assumption that the alleged agreement was sent by defendant to plaintiff in Oklahoma.

3.     **In the alternative, there is no nexus between defendant's contacts with Oklahoma and plaintiff's injury**

In order to find specific minimum contacts, the court must "determine whether a nexus exists between the Defendant['s] forum-related contracts and the Plaintiff's cause of action." *Employer's*

Defendants Motion to Dismiss for Lack of Personal Jurisdiction,
Motion to Dismiss or Transfer for Improper Venue, and
Motion to Dismiss for Failure to State a Claim with Supporting Brief                              Page 10

*Mutual Casualty Co. v. Bartile Roofs, Inc.,* 618 F. 3d at 1159-1160 (citing *TH Agric. & Nutrition,* 488 F.3d at 1287*)*.  In contract actions, the Tenth Circuit has consistently applied the proximate cause approach to determine nexus.  *Id*.  Proximate cause requires the court to analyze "whether any of the defendant's contacts with the forum are relevant to the merits of the plaintiff's claim." *Id*.  In *Tripoli Management, LLC*, the Court found that since the contract was not negotiated in the forum and none of the communications to the forum involved the contract negotiations, the plaintiff failed to show that the contacts with the forum were "substantially connected" to plaintiff's contract related claims.  *Tripoli Management, LLC v. Waste Connections of Kansas, Inc*., 2010 WL 845927

In the instant case, sending a letter to Oklahoma which allegedly commemorated a meeting in Dallas, Texas is sufficiently connected to plaintiff's contract claims or is relevant to the merits of the plaintiff's claims.

**B.**  **Plaintiff has Failed to Allege Sufficient General Contacts to Support General Jurisdiction.**

In order to confer general jurisdiction the defendant's continuous and systematic general business contacts.  *OMI Holdings, Inc. v. Royal Ins. Co. of Can*., 149 F.3d at 1091.  .  As plaintiff alleged, all American is a Delaware corporation with its principal place of business in Texas.  Complaint at ¶2. Additionally, All American is not authorized to do business in Oklahoma.  Plaintiff has failed to allege any contact, let alone a "continuous and systematic general business contacts" in Oklahoma.  Therefore, personal jurisdiction  based on general jurisdiction is improper.

**C.**  **Traditional notions of fair play and substantial justice favor Oklahoma dismissing the case**

Even if the Court determines that the defendant has minimum contacts with the forum state, the court "must still determine whether exercising personal jurisdiction would offend traditional

Defendants Motion to Dismiss for Lack of Personal Jurisdiction,
Motion to Dismiss or Transfer for Improper Venue, and
Motion to Dismiss for Failure to State a Claim with Supporting Brief                              Page 11

notions of fair play and substantial justice." See *Employer's Mutual Casualty Co. v. Bartile Roofs, Inc.,* 618 F. 3d at 1159-1160  (citing  *AST Sports Sci.,*514 F.3d at 1061 (internal quotation marks omitted).  The Court must analyze "whether a district court's exercise of personal jurisdiction ... is reasonable in light of the circumstances surrounding the case."  *Id.* (internal quotation marks omitted).  This reasonableness analysis requires the weighing of five factors:

> (1) the burden on the defendant,
> (2) the forum state's interest in resolving the dispute,
> (3) the plaintiff's interest in receiving convenient and effective relief,
> (4) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and
> (5) the shared interest of the several states in furthering fundamental social policies.

*Pro Axess, Inc. v. Orlux Distribution, Inc.,,* 428 F.3d at 1279-80 (internal quotation marks omitted).  "In assessing the reasonableness of jurisdiction, we also take into account the strength of a defendant's minimum contacts."  *TH Agriculture & Nutrition, LLC v. Ace European Group Ltd.,* 488 F.3d 1282, 1292 (10th Cir.2007). "[T]he reasonableness prong of the due process inquiry evokes a sliding scale: the weaker the plaintiff's showing on minimum contacts, the less a defendant need show in terms of unreasonableness to defeat jurisdiction.  *Id.*

**1.    The Burden on Defendant**.

"[T]he burden on the defendant of litigating the case in a foreign forum is of primary concern in determining the reasonableness of personal jurisdiction  *OMI Holdings, Inc.,* 149 F.3d at 1096 (quoting *Asahi,*480 U.S. at 114).  All American maintains no offices, owns no property, has no employees, and conducts no business in Oklahoma.  Furthermore, none of All American's evidence or witnesses are located in Oklahoma.  This factor certainly weighs against an exercise of personal

Defendants Motion to Dismiss for Lack of Personal Jurisdiction,
Motion to Dismiss or Transfer for Improper Venue, and
Motion to Dismiss for Failure to State a Claim with Supporting Brief                    Page 12

jurisdiction over All American.  See *Syntroleum Corporation v. Fletcher International, Ltd.,* 2008 WL 4936503 (N.D. Okla. 2008).

### 2.    Forum state's interest in adjudicating the dispute

"States have an important interest in providing a forum in which their residents can seek redress for injuries caused by out-of-state actors."  See *AST Sports Sci*., 514 F.3d at 1062 (internal quotation marks omitted).  This interest, however, is minimized when the law of another state or country will govern the dispute. See *TH Agriculture & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d at1294; and *Benton v. Cameco Corporation,* 375 3d at1079.  Although the plaintiff is a Oklahoma company, Texas law governs the contract.[6]  As a result, Oklahoma's interest in adjudicating the dispute is somewhat diminished.  When presented with the same situation in *Benton*, the court found that this factor did not favor either party.  *Benton v. Cameco Corporation,* 375 F.3d. at 1079.  Accordingly, this factor is essentially a tie and neither weighs in favor nor against an exercise of personal jurisdiction over All American.

### 3.    Plaintiff's interest in convenient and effective relief

"This factor hinges on whether the plaintiff may receive convenient and effective relief in another forum."  See *AST Sports Sci*., 514 F.3d at 1062 (internal quotation marks omitted).  When applying this factor, courts note that it "may weigh heavily in cases where a Plaintiff's chances of recovery will be greatly diminished by forcing [it] to litigate in another forum because of that forum's laws or because the burden may be so overwhelming as to practically foreclose pursuit of the lawsuit."  See *TH Agriculture & Nutrition, LLC v. Ace European Group Ltd.*, 488 F.3d 1282, 1294

---

[6]See Section VI herein.

(10th Cir.2007) and *Benton v. Cameco Corporation,* 375 F3d. at 1079.   Because Texas law governs the alleged contract and plaintiff has failed to allege any facts that litigating the matter in Texas would cause undue hardship, plaintiff would be able to receive convenient and effective relief in Texas. *Id*. Therefore, this factor weighs against an exercise of jurisdiction.

### 4.    Interstate judicial system's interest in efficiency

This factor asks whether the forum state is the most efficient place to litigate the dispute. See *AST Sports Sci*., 514 F.3d at 1062 (internal quotation marks omitted).  "Key to this inquiry are the location of the witnesses, where the wrong underlying the lawsuit occurred, what forum's substantive law governs the case, and whether jurisdiction is necessary to prevent piecemeal litigation."  See *TH Agric. & Nutrition*, 488 F.3d at 1296 (internal quotation marks omitted).  Because of the nature of the case, the witnesses will potentially include the directors, officers and employees of All American, which are located in Texas.  Likewise, the alleged wrong, failure to make payment occurred in Texas.  Additionally, plaintiff's performance is assigning the working interest in real property located in Texas occurred in Texas.  Moreover, Texas law will govern the alleged agreement.[7]  Lastly, plaintiff need not litigate the action in Oklahoma to avoid piecemeal litigation.  See *Benton v. Cameco Corporation,* 375 F3d. at 1079.  Therefore, litigating the dispute in Oklahoma would not be more efficient than in Texas.

### 5.    States' interest in substantive social policies

This factor "focuses on whether the exercise of personal jurisdiction ... affects the substantive social policy interests of other states."  See *AST Sports Sci*., 514 F.3d at 1062 (internal quotation

---

[7]See Section VI.

Defendants Motion to Dismiss for Lack of Personal Jurisdiction,
Motion to Dismiss or Transfer for Improper Venue, and
Motion to Dismiss for Failure to State a Claim with Supporting Brief                    Page 14

marks omitted).   In the instant case, the subject of the alleged contract is working interests in leaseholds in Brazoria County, Texas.  See Complaint at ¶7.  Pursuant to both Texas and Oklahoma law, interests in oil and gas and other minerals are usually treated as real property.  *In Re: Shailer's Estate, Okl.*, 266 P.2d 613, 616 ( Okla. 1954); and *Bailey v. Shell Western E&P, Inc*, 609 F. 3d 710 (5th. Cir. 2010) .  Both Oklahoma and Texas acknowledge, that "[t]he state where land is situated will have a natural interest in transactions affecting it, particularly in view of the fact that land by its nature is immovable".  *Id.*  (citing the Restatement Second of Conflicts of Law §188 comment e). Therefore, this case which involves the assignment of oil and gas leasehold interests, which affects the substantive social policy interests of Texas.

An analysis of the reasonable factors makes clear that exercise of jurisdiction over All American would offend the traditional notions of fair play and substantial justice.  Because of the limited contacts with Oklahoma, All American is not required to make particularly strong showings in order to defeat jurisdiction.  *OMI Holdings, Inc*., 149 F.3d at 1096.  Moreover, the majority of the factors weigh against jurisdiction.  Therefore, this court should grant the Motion to Dismiss.

### III.
### PLAINTIFF HAS FAILED TO PLEAD FACTS TO SUPPORT VENUE IN THE NORTHERN DISTRICT OF OKLAHOMA

"Upon a defendant's challenge to venue , the plaintiff has the burden of establishing that the venue is proper in the forum state.  As in a motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of establishing venue over the defendant, and plaintiff must make a prima facie showing on the basis of affidavits and other written material to withstand the motion."  See *Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc*., 434 F. Supp. 2d 1051, 1058 (D. Kan. 2006)

(internal citation omitted)( citing *Behagen v. Amateur Basketball Ass'n* 744 F.2d 731, 733 (10th Cir.1984), cert. denied,471 U.S. 1010, 105 S.Ct. 1879, 85 L.Ed.2d 171 (1985) (citations omitted).

Plaintiff asserts that venue is proper pursuant to the general federal venue statute, 28 U.S.C. §1391(c) . See Complaint at ¶ 4.  Plaintiff fails to allege any facts to support its conclusion that 28 U.S.C. § 1391(c) confers venue in the Northern District of Oklahoma.  28 U.S.C. § 1391(c) confers venue on a corporate defendant in a judicial district in which it is subject to personal jurisdiction at the time the action is commenced.  As set forth in detail above, plaintiff has failed to allege any contacts with the Northern District of Oklahoma to confer personal jurisdiction over All American. At most, the Court could assume the alleged contract was sent to plaintiffs in Oklahoma by defendant.  However, the alleged contract is dated July 12, 2010 and suit was filed on March 29, 2011.  Therefore, even if sending the alleged contract to Oklahoma was a sufficient contact at the time it occurred, it is insufficient to subject All American to personal jurisdiction at the time the action was commenced.  *Dyco Petroleum Corp. v. Mesa Operating Co.*, 935 F. Supp. 1193 (N.D. Ok. 1996).  Because plaintiff has failed to plead any allegations to support that All American is subject to personal jurisdiction in the Northern District of Oklahoma at the time the action was commenced venue is not proper under 28 U.S.C. § 1391(c) .

Although plaintiff did not allege an alternative venue provision, venue is also not proper under 28 U.S.C. § 1391(b)(1), (b)(2) or (b)(3).  28 U.S.C. § 1391(b)(1) is inapplicable because All American does not reside in the Northern District of Oklahoma.  28 U.S.C. § 1391(b)(3) is likewise inapplicable because there is another district in which the action may be brought.

Lastly, 28 U.S.C. § 1391(b)(2) is inapplicable because plaintiff has failed to allege facts to support that a substantial part of the events giving rise to its claims occurred in the Northern District

of Oklahoma.  "The court must decide whether the forum activities played a substantial role in the circumstances leading up to the plaintiff's claim."  See *Andrean v. Secretary of the United States Army*, 840 F.Supp. 1414, 1422 (D.Kan.1993).  "The forum activities must have been events significant to the plaintiff's claims."  See *Hudye Soil Serv., Inc. v. Tyler*, 46 F.Supp.2d 1157, 1163 (D.Kan.1999).  The only possible allegations to support substantial part of the events giving rise to the claims in Oklahoma are (1) whether the alleged agreement was sent to plaintiff in Oklahoma by defendant;  and (2) whether the plaintiff allegedly executed the agreement in Oklahoma.  However, neither of these actions are sufficient to support substantial part of the events giving rise to the claims.

The negotiation and execution of the alleged agreement does not give rise to plaintiff's claim. See *Abramoff v. Shake Consulting, L.L.C.*, 288 F. Supp. 2d 1 (D.D.C. 2003).  The *Abramoff* Court held that although the plaintiff may have entered the agreement in the forum[8], entry into an agreement does not automatically qualify as a substantial part of the events or omissions giving rise to a breach-of-contract claim.  *Id.*  (citing *Fin. Mgmt. Servs., Inc. v. Coburn Supply Co., Inc.*, 2003 WL 255232, at *2 (N.D.Ill. Feb. 5, 2003) (finding that the "mere" but for relationship between the signing of a contract and its breach does not transform the contract signing into a substantial part of

---

[8]Plaintiff has only alleged the conclusory statement that the parties entered into an agreement in the Northern District of Oklahoma.  However, plaintiff has failed to present any well pleaded facts to support the assertion that the contract was entered into in the Northern District of Oklahoma.  Oklahoma law requires acceptance of the offer, which must include an expression of the intent to accept the offer, by word, sign, writing or act, communicated or delivered to the person making the offer or the offeror's agent.  *Perkens v. USAA Casualty Ins. Co.*, 107 F.3d 880, 1997 WL 107770 (C.A.10 (Okla.))(citing *Garrison v. Bechtel Corp.*,889 2d273, 281( Okla. 1995)).  Texas law also requires the communication of the acceptance.  *American Nat'l Ins. Co. v. Warnock*, 114 S.W. 2d 1161, 1164 (Tex. 1938).  Therefore, there are insufficient pleadings to support a binding enforceable contract.

the events giving rise to the claim).  See also *Woodke v. Dahm*, 70 F.3d 983,  985 (8th Cir.  1995).

(concluding that although the manufacture of trademarked trucks was a necessary event to the alleged trademark infringement, it did not constitute a substantial part of the events giving rise to the claim).  As in *Abramoff,* the finalized agreement was a prerequisite to the defendants' alleged breach, but the act of finalizing the agreement was not itself wrongful and did not directly give rise to the plaintiff's claim.  *Abramoff v. Shake Consulting, L.L.C.*, 288 F. Supp. 2d 1 (D.D.C. 2003) (citing *Woodke*, 70 F.3d at 985).

Additionally, the payment by the defendant pursuant to the alleged agreement is insufficient to support a substantial part of the events giving rise to the claims.  First, the defendant's alleged failure to make payment occurred in Texas, not Oklahoma. *Id.*  The Northern District of Illinois found that although the contract stated it was "finalized in Illinois," the contract was negotiated in Tennessee, the defendants executed the agreement in Tennessee, the agreements subject matter was franchises in Tennessee and Kentucky and the breach occurred in Tennessee and Kentucky, when the dependants decided not to make the alleged required payments.  See *Moran Industries, Inc. v. Higdon*, 2008 WL 4874114 (N.D. Ill. 2008).  The court further noted that although some events related to the contract occurred in Illinois, and plaintiff may have felt the impact of the alleged breaches in Illinois, Illinois does not have substantial part of the events underlying the plaintiff's contract claims.  *Id*.

In the instant case, it is undisputed that the negotiations occurred in Dallas, Texas, there is no evidence that defendant executed the alleged agreement in Oklahoma, the subject of the alleged contract is the assignment of oil and gas leasehold interests in Texas and the decision to not remit payments occurred in Texas.  Moreover, plaintiff's performance of assigning the oil and gas interest

Defendants Motion to Dismiss for Lack of Personal Jurisdiction,
Motion to Dismiss or Transfer for Improper Venue, and
Motion to Dismiss for Failure to State a Claim with Supporting Brief                    Page 18

was to occur in Texas.  Therefore, plaintiff has failed to plead any facts to support that a substantial

part of the events giving rise to plaintiffs alleged breach of contract claim.

## IV.
## ALTERNATIVELY, VENUE SHOULD BE TRANSFERRED TO TEXAS

When a court lacks jurisdiction, it may also transfer a case to another venue for the

convenience of the parties and witnesses.  28 U.S.C. § 1404.  In ruling on a motion to transfer venue

under section 1404(a), the court should consider various private interest factors, such as: (1) the

plaintiff's choice of forum; (2) the accessibility of witnesses and other sources of proof, including

the availability of compulsory process to insure attendance of witnesses; (3) the cost of making the

necessary proof; questions as to the enforceability of a judgment if one is obtained; (4) relative

advantages and obstacles to a fair trial; (5) difficulties that may arise from congested dockets; (6)

the possibility of the existence of questions arising in the area of conflict of laws; (7) the advantage

of having a local court determine questions of local law; and (8) all other considerations of a

practical nature that make a trial easy, expeditious and economical.  See *Employer's Mutual Casualty*

*Co. v. Bartile Roofs, Inc.,* 618 F. 3d at 1167 (citing *Chrysler Credit Corp. v. Country Chrysler, Inc.,*

928 F.2d 1509, 1516 (10th Cir.1991).

The Supreme Court has held that Section 1404 is intended to place discretion in the district

court to adjudicate motions for transfer according to an "individualized, case-by-case consideration

of convenience and fairness."  See *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29

(1988).  Thus, a motion to transfer under 1404(a) calls on the district court to weigh in the balance

a number of case-specific factors.  All American has its principal place of business in San Antonio,

Texas and at this juncture in the case, defendant believes all witnesses are in Texas.  This action

could have been originally brought in Texas because the court has jurisdiction over All American

and the subject matter of the alleged agreement is working interests in leaseholds in Brazoria County,

Texas

For all of the reasons, set forth above, Texas is the more appropriate venue for this litigation.

## V.
## <u>MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM</u>

Plaintiff 's action should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(6)

because plaintiff has failed to state a claim for which relief is plausible on its fact.  To survive a

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

claim for relief that is plausible on its face.'  See *Ashcroft v. Iqbal*, -- U.S. ----, 129 S.Ct. 1937, 1949,

173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167

L.Ed.2d 929 (2007)).  The Tenth Circuit has held that it will "assume the factual allegations [in the

complaint] are true and ask whether it is plausible that the plaintiff is entitled to relief." *Gallagher*

*v. Shelton*, 587 F.3d 1063, 1068 (10th Cir.2009).  "[T]he tenet that a court must accept as true all of

the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of

the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*,

129 S.Ct. at 1949.

Plaintiff alleges that All American breached an alleged Letter Agreement by failing to make

payment for certain oil and gas leasehold interests and the acquisition of steel casings.  Pursuant to

Texas law[9], the elements of a breach of contract include (1) a valid, enforceable agreement; (2) the

plaintiff has standing to sue for breach of contract; (3) the plaintiff performed, tendered performance,

---

[9]See Section VI.

or was excused from performing its contractual obligations; (4) the defendant breached the contract; and (5) the defendant's breach caused the plaintiff's injury.[10]  Plaintiff has failed to allege any facts which show an enforceable agreement, that the plaintiff performed pursuant to the agreement or that the defendant breached the contract.

### 1. Evidence of Enforceable Agreement

Pursuant to Texas law, in order to prove and plead an enforceable agreement, the plaintiff must plead  factual allegation that an offer was accepted and the acceptance was communicated to the defendant.  *Dempsey v. King,* 662 S.W. 2d 725, 726-727 (Tex. Ap. – Austin 1983).[11]  The plaintiff has failed to allege that it communicated any alleged acceptance of the letter agreement to defendant.  The Third Circuit held that a mere allegation that the contract had been reached, is a legal assertion, which the district court should ignore.  *Cotter v. Newark Housing Authority*, 2011 WL 1289731 (3rd Cir. 2011).   Without a factual pleading that supports communication of acceptance, the plaintiff's claim for breach of contract must be dismissed.

---

[10] For our purposes, Texas law and Oklahoma law are substantially similar.  The elements for a breach of contract pursuant to Oklahoma law are: (1) the formation of a contract; (2) breach of the contract; and (3) damages as a direct result of the breach." *Digital Design Group, Inc. v. Information Builders, Inc*.,24 P.3d 834, 843 (Okla.2001).  In addition, if the agreement requires performance by the plaintiff, plaintiff must plead and proof that it actually performed or its performance was refused*.  Haynes v. Brown*, 18 Okla. 389, 89 P. 1124 (Okla. 1907); see also *Waggoner Refining Co. v. Bell & Oil Gas Co.*

[11]Pursuant to Oklahoma law, an offer does not become a binding promise and results in a contract only when it is accepted.  To constitute acceptance, there must be an expression of the intent to accept the offer, by word, sign, writing or act, communicated or delivered to the person making the offer or the offeror's agent .  *USAA* (citing *Garrison v. Bechtel Corp*.,889 2d273, 281( Okla. 1995)); see also Okla. Stat. Ann. tit.  15,  §69.

**2. Plaintiff failed to plead facts to support its performance pursuant to the alleged agreement.**

Plaintiff includes the conclusory statement that it "performed and/or tendered performance of its obligations under the Letter Agreement." Complaint at ¶14. Pursuant to the alleged agreement, plaintiff was required to assign certain working interests of oil and gas leaseholds in Brazoria County, Texas. See Exhibit 1 to Complaint. Payment by defendant only occurred "upon receipt of an assignment." See Exhibit 1 to the Complaint. In addition, plaintiff alleges that defendant was required to purchase steel casing. Complaint at ¶ 9. Again, however the alleged agreement, states that defendants obligation to acquire the steel casing, was subject to defendants inspection and acceptance of the product. Exhibit 1 to the Complaint.

Plaintiff's conclusory statement that it has performed its obligations is insufficient. *Iqbal* stressed that it is not enough for the plaintiff to plead facts "merely consistent" with the defendant's liability. *Iqbal,* 129 S.Ct. at 1949. Also, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. *Iqbal* suggested a two-step approach. First, the court "identif[ies] the [conclusory] allegations in the complaint that are not entitled to the assumption of truth." *Id* at 1951. Then it "consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief." *Id*.

Plaintiff's complaint is void of any facts to support performance by the plaintiff. Therefore, plaintiff's claim should be dismissed for failure to state a claim in which relief can be granted.

**3. Plaintiff has failed to plead facts to support the allegation that defendant breached the agreement**.

Defendants Motion to Dismiss for Lack of Personal Jurisdiction,
Motion to Dismiss or Transfer for Improper Venue, and
Motion to Dismiss for Failure to State a Claim with Supporting Brief          Page 22

A required element of a breach of contract claim is breach by the defendant.  Breach is the failure, without legal excuse, to perform any promise that forms all or part of an agreement. *DeSantis v. Wakenhut Corp*., 732 S.W. 2d 29, 34 (Tex. App. – Houston[14th Dist. ] 1987, rev'd in part on other grounds, 793 S.W. 2d 670 (Tex. 1990).[12]  Defendant's obligation is legally excused because the plaintiff is obligated to perform prior to defendant's performance.  See Exhibit 1 to the Complaint.  Plaintiff has failed to allege any facts to support plaintiff's performance of its obligation under the alleged agreement.  Until plaintiff has performed, defendant is not obligated to make payments.  Therefore, defendant cannot have breach the alleged agreement until it has an obligation to perform.  Without pleading factual assertions that evidences plaintiff's performance, it is not plausible that plaintiff is entitled to a claim for breach of contract.

## VI.
## CHOICE OF LAW

As stated herein, Texas law applies to the contract action alleged by the plaintiff.  In cases where subject matter jurisdiction is based on diversity of citizenship, federal courts must look to the forum state's choice-of-law rules to determine the effect of a contractual choice-of-law clause.  *Mid America Construction Management, Inc. v. Mastec North America, Inc*., 436 F. 3d 1257 (10th Cir. 2006).

**A.  General Choice of Law Rule**

---

[12] Pursuant to Oklahoma law the plaintiff, having failed to perform a condition in the contract cannot complain that the defendant breached the agreement. *Anderson v. Pickering*, 541 P. 2d 1361 (Ok Civ App. 1975).  "A party to a contract cannot put the other party in default by his own failure to perform."*Id.*  The buyer is not obligated to perform payment without tender of the seller's tender of title.  *Id.*

Oklahoma looks to the place of contract performance or formation to determine choice of law in a breach of contract action. *Butterfly-Biles v. State Farm Life Insurance Co*, 2010 WL 346839 (N. D. Okla. 2010) ( citing OKLA. STAT. tit. 15, § 162). The Oklahoma Supreme court has stated that "Oklahoma's established general choice-of-law rule for contract actions is bottomed on the terms of 15 O.S. § 162". *Bernal v. Charter County Mutual Insurance Co.*, 209 P.3d 309 (Ok. 2009). According to its provisions, the rule of *lex loci solution is*—the law where the relevant contract performance occurs—is to be applied. *Id.* When there is no indication in the contract's text where performance is to occur, the *lex loci contractus* rule—the law of the place where the contract is made—will govern. *Id.*

In the instant case, it is undisputed that the subject of the alleged agreement is working interests in leaseholds in Brazoria County, Texas. Complaint at ¶7 and Exhibit 1 of the Complaint. The performance of the alleged agreement by plaintiff would occur by obtaining the required working interests in Brazoria County, Texas. Therefore, it is clear that under Oklahoma's general choice-of-law provision, that Texas law applies.

Any allegation that defendant's payment obligation would support the application of Oklahoma law has been previously rejected by the Fifth Circuit. *Bailey v. Shell Western E&P, Inc.*, 609 F. 3d 710 (5th Cir. 2010). Instead of focusing on the payments, the Fifth Circuit focused on the fact that the interest governed by the contracts was located in the situs of the real property interest.

## B. Specific Choice of Law Provision

Regardless of the general choice of law rules, Oklahoma has a specific choice-of-law provision when the subject of the agreement relates to land. Disputes concerning interests in real property are properly governed by the law of the state where the land is located. The Oklahoma Supreme Court

has further found that the reservation of all royalties from oil and gas and other minerals is usually treated as real property.  *In Re Shailer's Estate*, 266 P.2d 613, 616 (Okla. 1954) .

Both Texas and Oklahoma have applied the Restatement (Second) of Conflicts of Laws § 189 [1971], which states:

> "The validity of a contract for the transfer of an interest in land and the rights created thereby are determined, in the absence of an effective choice of law by the parties, by the local law of the state where the land is situated unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in § 6 [of the Restatement] to the transaction and the parties, in which event the local law of the other state will be applied."  Comment "C" notes that "[t]he state where land is situated will have a natural interest in transactions affecting it, particularly in view of the fact that land by its nature is immovable"

*Id.*  In the instant case, it is undisputed that the principal subject of the alleged contract was the assignment of working interests in Brazoria County, Texas. Therefore, because the subject matter of the agreement involves land that is situated in Texas,  Texas law applies to the contract action.

## VII.
## CONCLUSION

Pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3) and 12(b)(6),  this Court should dismiss this action because plaintiff has failed to alleged facts to support personal jurisdiction, venue or a state a claim for which relief can be granted.  Therefore, All American's motion to dismiss should be granted.

*/s/ Jennifer F. Sherrill*

_____

Jennifer F. Sherrill, OBA 19703
**FEDERMAN & SHERWOOD**
10205 N. Pennsylvania Ave.
Oklahoma City, Oklahoma 73120
(405) 235-1560 Main
(405) 239-2112 Facsimile
jfs@federmanlaw.com Email
**ATTORNEYS FOR DEFENDANT**

and

J. Mark Brewer, TBN 02965010
Sondra K. Jurica, TBN 24032486
Allison B. Waters, OBA 21885, TBN 00795994
**BREWER & PRITCHARD, P.C.**
Three Riverway, 18th Floor
Houston, Texas  77056
(713) 209-2950 Main
(713) 659-5302 Facsimile
brewer@bplaw.com Email
jurica@bplaw.com Email
waters@bplaw.com Email
**OF COUNSEL**

## CERTIFICATE OF SERVICE

I certify that this document will be served on counsel of record electronically using the Court's CM/ECF system on June 1, 2011.

/s/

_____

Jennifer F. Sherrill

Defendants Motion to Dismiss for Lack of Personal Jurisdiction,
Motion to Dismiss or Transfer for Improper Venue, and
Motion to Dismiss for Failure to State a Claim with Supporting Brief                    Page 27

27